David Davidson, Esq. SBN 215969
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. SBN 329974
agoncharova@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone: (949) 942-8500
Facsimile: (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>                Defendant. | CASE NO.<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF ALINA A. GONCHAROVA, ESQ.** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, WALMART, INC., ("Defendant"), a Delaware Corporation, hereby removes this action from Superior Court of the State of California, County of Sonoma to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity.

This Court has original jurisdiction over this action under 28 U.S.C. §

1

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Jennifer Lynn Otten is a resident, citizen and domiciliary of the State of California. Defendant is a Delaware corporation with its principal place of business in the State of Arkansas.

## INTRODUCTION

1.    On December 3, 2024, plaintiff Jennifer Lynn Otten ("Plaintiff") commenced this action by filing a complaint in the Superior Court of the State of California in and for the County of Sonoma, entitled *Jennifer Lynn Otten, an individual, v. Walmart, Inc., a Delaware corporation, and DOES 1 to 100, inclusive*," as Case Number 24CV07305.  Plaintiff alleges causes of action for negligence and products liability arising out of an incident that is alleged to have occurred on September 4, 2023, in Windsor, California.

2.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

3.    Plaintiff's Complaint was served on Defendant on December 11, 2024. Plaintiff served its response to Statement of Damages on December 18, 2024. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days of service of the pleading which made the case become removeable.

4.    This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

///

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

## BASIS FOR REMOVAL

5.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

6.    At the time of filing his complaint, Plaintiff was a resident and citizen of the State of California, County of Sonoma. (Goncharova Dec., ¶ 3.)

7.    Defendant is a citizen of the Delaware where it was incorporated with its principal place of business in the State of Arkansas. (Id. at ¶ 4.)

8.    The defendants identified as "Does 1 to 100" in Plaintiff's Complaint are merely fictitious parties who have not been identified.

9.    The inclusion of "Doe" defendants in the state court Complaint has no effect on removability.  In determining whether diversity of citizenship exists, only the named defendants are considered.  (See *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); see also *Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

10.    In determining whether the parties are diverse under 28 U.S.C. § 1441(b), "the citizenship of defendants sued under fictitious names shall be disregarded." (See also, *Goldsmith v. CVS Pharmacy, Inc.*, CV 20-0750-AB (JCx), 2020 WL 1650760 (C.D. Cal. April 3, 2020); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002)). The presumption remains that Congress said what it

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

meant and meant when it said when it wrote 28 U.S.C. § 1441(b) to require that the citizenship of fictitious defendants be ignored when considering diversity jurisdiction. The Ninth Circuit was clear when it indicated the same. (See *Soliman*, 311 F.3d at 966.) The parties are accordingly completely diverse, and jurisdiction is proper.

11.   Plaintiff's Complaint does not specify the amount of damages sought by way of his action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in her complaint.

12.   Plaintiff served her Statement of Damages on December 18, 2024, which claimed at least $1,500,000.00 in general damages, and at least $350,000 in special damages. (Id. at ¶ 2.) Therefore, the amount of damages exceeds $75,000.

13.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages of $1,850,000.00. (Goncharova Dec., ¶ 2-4.)

14.   Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Sonoma to the United States District Court for the Northern District of California is appropriate.

15.   The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Sonoma, where this action was originally filed, is located within this federal

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

judicial district. Also, both the place of Plaintiff's residence/domicile and the location of the accident at issue are located in the County of Sonoma in the State of California. (Goncharova Dec., ¶ 3.)

16.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

17.    Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Sonoma, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

18.    No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Sonoma to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: January 9, 2025                O'HAGAN MEYER

By:    _____
       David Davidson
       Alina A. Goncharova
       Attorney for Defendant,
       WALMART INC.

5

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL**

### **DECLARATION OF ALINA A. GONCHAROVA, ESQ.**

I, Alina A. Goncharova, declare as follows:

1. I am an attorney duly authorized and licensed to practice before this Court. I am an attorney with the law firm of O'Hagan Meyer, counsel of record for defendant WALMART, INC., a Delaware Corporation ("Walmart") in the above-captioned matter. The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief. If called as a witness, I could and would testify competently to the matters declared herein.

2. As a result of the subject fall, Plaintiff served her Statement of Damages on December 18, 2024, which claimed at least $1,500,000.00 in general damages, and at least $350,000 in special damages

3. According to the Complaint prepared and submitted by Plaintiff, she resides in Sonoma, California. I am informed and believe she has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed her Complaint. The subject accident allegedly occurred on September 4, 2023, in Windsor, California.

4. Walmart, Inc. is incorporated in Delaware with its principal place of business in the State of Arkansas.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

6. A true and correct copy of Defendant Walmart, Inc.'s Answer is attached hereto as **Exhibit B.**

7. A true and correct copy of Plaintiff's Statement of Damages is attached

**DECLARATION OF ALINA A. GONCHAROVA, ESQ.**

hereto as **Exhibit C.**

8.     Plaintiff's Complaint was served on Defendant on December 11, 2024. Plaintiff served its response to Statement of Damages on December 18, 2024. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is being made within thirty (30) days after service of the pleading which made the case become removable.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on January 9, 2025.

_____
Alina A. Goncharova, Declarant

**DECLARATION OF ALINA A. GONCHAROVA, ESQ.**

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**12/3/2024 10:49 AM**
**By: Angelina Burningham, Deputy Clerk**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

WALMART, INC., an Arkansas corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JENNIFER LYNN OTTEN, an individual;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Hall of Justice

600 Administration Drive, Santa Rosa, CA 94503

**CASE NUMBER:**
**(Número del Caso):**

24CV07305

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
SOHEIL BAHARI (SBN: 297162) 864 S Robertson Blvd, 3rd Floor Los Angeles, CA 90035

DATE:
(Fecha) 12/3/2024 10:49 AM

Clerk, by
Robert Oliver (Secretario) _____ , Deputy
(Adjunto)
Angelina Burningham

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **WALMART, INC.**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

**ELECTRONICALLY FILED**
Superior Court of California
County of Sonoma
12/3/2024 10:49 AM
By: Angelina Burningham, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 24CV07305<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Premises Liability<br>2. General Negligence<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff JENNIFER LYNN OTTEN alleges as follows:

### PRELIMINARY ALLEGATIONS

1.      Plaintiff JENNIFER LYNN OTTEN (hereinafter referred to as "Plaintiff"), is, and at all times hereinafter mentioned was, an individual residing in the County of Sonoma, State of California.

2.      Defendant WALMART, INC., (hereinafter referred to as "Defendant") is, and at all times hereinafter mentioned was, an Arkansas corporation doing business in the County of Sonoma, State of California. Jurisdiction in this court is proper pursuant to California *Code of Civil Procedure* 410.10 because Defendant does business in, purposefully avail itself of, or otherwise reside within the State of California. Defendant is, and at all times herein mentioned was, one of the owners and/or managers of a certain property located at 6650 Hembree Ln,

1

Windsor, CA 95492 (hereinafter referred to as "PREMISES").

3. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendant by such fictitious names, and Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that each of the defendants designated herein as a DOE is negligently responsible in some manner for the events and happenings herein alleged.

4. Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned defendants, and each of them, were acting on their own behalf and as the agents, employees and representatives of each other and of DOES 1 through 100, inclusive, (collectively referred to hereinafter as "Defendants") and were and are at all times relevant hereto acting within the scope and authority of such agency and employment and with the knowledge, consent, approval and ratification of each of the named defendants and of DOES 1 through 100, inclusive.

5. Venue in this Court is proper in that the cause of action occurred within this district, and/or at least one defendant resides in this judicial district.

6. Jurisdiction in this court is proper in that the principal amount in controversy is in excess of $35,000.00.

**FIRST CAUSE OF ACTION**

**PREMISES LIABILITY – AGAINST ALL DEFENDANTS**

7. Plaintiff incorporates herein by reference paragraphs 1 through 6, inclusive, as if fully set forth herein and with the same force and effect.

8. At all times mentioned herein, Defendant and/or DOES 1 through 100, inclusive, owned, maintained, controlled, managed, and operated the PREMISES.

9. On or about September 4, 2023, Plaintiff was lawfully within the PREMISES. Specifically, Plaintiff was shopping at the PREMISES when Plaintiff slipped and fell onto the floor because of a dangerous condition, particularly a liquid substance on the floor that was

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

not open and obvious to Plaintiff.

10. At the aforementioned time and place, Defendants, and each of them, inadequately and negligently maintained, repaired, managed, controlled, and owned, the PREMISES. Defendants and each of them, by virtue of their ownership, control, management, manufacture, design, assembly, sale, delivery, repair and/or maintenance of the PREMISES, owed a duty of care to Plaintiff who would foreseeably be on and use the PREMISES.

11. Defendants, and each of them, breached said duty by negligently controlling and/or maintaining the PREMISES, by failing to keep the PREMISES in good order, by negligently failing to take steps including but not limited to making reasonable inspections of the PREMISES to either make the condition safe or warn Plaintiff of the dangerous condition of said PREMISES, all of which caused Plaintiff to be injured, causing Plaintiff to suffer the injuries and damages hereinafter described.

12. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in Plaintiff's health, strength and activity, sustaining injuries to said person, all of which injuries have caused, and continue to cause Plaintiff mental, physical and nervous pain and suffering. Plaintiff is informed, believes, and thereon alleges that such injuries have and will result in some temporary and/or permanent disability to Plaintiff. As a result of such injuries, Plaintiff suffered general damages in an amount according to proof.

13. As a further direct and proximate result of Defendants, and each of their, negligence, carelessness, recklessness and unlawful conduct thereby caused, as aforesaid, requiring Plaintiff to obtain medical services, past, present and future; Plaintiff has suffered loss of income and earnings, past, present and future; evidence of all of which Plaintiff will present at the time of trial and will amend this Complaint to conform to the proof if required to do so.

14. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered from emotional distress and other mental injuries. As a result of such distress and mental injuries, Plaintiff has suffered general damages in an amount according to proof but in excess of the jurisdictional amount.

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

## GENERAL NEGLIGENCE – AGAINST ALL DEFENDANTS

15. Plaintiff incorporates herein by reference paragraphs 1 through 14, inclusive, as if fully set forth herein and with the same force and effect.

16. Plaintiff is informed, believes, and hereon alleges that Plaintiff was further injured due to negligent acts or omissions by agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed, believes, and hereon alleges that at all relevant times, Defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

///

///

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      For an award of Plaintiff's general, special, actual and compensatory damages as proven at time of trial;

2.      For lost earnings and earning capacity, past and future, according to proof;

3.      For an award of the costs incurred by Plaintiff in bringing and maintaining this action; as well as

4.      For such other and further relief which this Court deems just and proper.


DATED: December 3, 2024                    **LYFE LAW, LLP**


By:_____
       SOHEIL BAHARI
       WILLIAM GRAVES
       Attorneys for Plaintiff
       JENNIFER LYNN OTTEN

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Soheil Bahari, Esq (297162)<br>864 S. Robertson Blvd., 3rd Floor, Los Angeles, CA 90035<br><br>TELEPHONE NO.: 888-203-1422    FAX NO. : 888-203-1424<br>EMAIL ADDRESS: soheilb@lyfe.com<br>ATTORNEY FOR *(Name):* Plaintiff JENNIFER LYNN OTTEN | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**12/3/2024 10:49 AM**<br>By: Angelina Burningham, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SONOMA**
STREET ADDRESS: 600 Administration Drive
MAILING ADDRESS: 600 Administration Drive
CITY AND ZIP CODE: Santa Rosa 94503
BRANCH NAME: Hall of Justice

CASE NAME:
Otten v Walmart, Inc., et al

| CIVIL CASE COVER SHEET<br>[x] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $35,000)    $35,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>24CV07305 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [x] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is    [x] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties
    b. [ ] Extensive motion practice raising difficult or novel
    issues that will be time-consuming to resolve
    c. [ ] Substantial amount of documentary evidence
    d. [ ] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more
    courts in other counties, states, or countries, or in a federal
    court
    f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* 2: Premises Liability; General Negligence
5.  This case [ ] is    [x] is not    a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 3, 2024
Soheil Bahari, Esq.
_____    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
        *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
            or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
        harassment)*
        Mechanics Lien
        Other Commercial Complaint
        Case *(non-tort/non-complex)*
        Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL AND FAMILY LAW COURTHOUSE**<br>**CIVIL DIVISION**<br>3055 CLEVELAND AVE.<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6510<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>12/5/2024<br>Superior Court of California<br>County of Sonoma<br><br>By: _Angelina Burningham_<br>Angelina Burningham. Deputy Clerk |
| **OTTEN  vs. WALMART, INC.,** | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>24CV07305 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON.  BRADFORD DEMEO FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date:  Thursday, 05/29/2025 | Time:  3:00 PM | Courtroom 17 |
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 | | |

3.  No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4.  At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5.  Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

CV-1 [Rev. May 17, 2019]      **NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC**
CRC, Rules 3.110, 3.720-3.730; CCP§§177.5, 583.410

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 24CV07305<br><br>**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE** |

**REQUESTING PARTY:**      Plaintiff JENNIFER LYNN OTTEN

**RESPONDING PARTY:**      Defendant WALMART, INC.

**SET NUMBER**          ONE

Pursuant to *Code of Civil Procedure* section 2033.010, Plaintiff JENNIFER LYNN OTTEN hereby requests that Defendant, WALMART, INC., admit or deny the truth of the following under oath and serve said admissions or denials upon counsel for Plaintiff within 30 days after service hereof.

If Defendant/Responding Party fails to comply with the provisions of California *Code of Civil Procedure* section 2033.010 *et. seq.* with respect to these Requests for Admission, any objection to these Requests for Admission shall be deemed waived, including objections based upon the attorney-client and attorney work-product privileges.

Your answers to these admissions must be verified, dated, and signed.

1

**LyfeLaw**

## REQUESTS FOR ADMISSIONS

1.      Admit that YOU ("YOU" or "YOUR" means WALMART, INC. and includes its agents, employees, and anyone else acting on WALMART, INC.'S behalf) own the PREMISES ("PREMISES" means the real property located at 6650 Hembree Ln, Windsor, CA 95492).

2.      Admit that YOU manage the PREMISES.

3.      Admit that on September 4, 2023, YOU owned the PREMISES.

4.      Admit that on September 4, 2023, YOU managed the PREMISES.

5.      Admit that Plaintiff JENNIFER LYNN OTTEN was injured as a result of the INCIDENT ("INCIDENT means the slip & fall accident that occurred on September 4, 2023, involving Plaintiff JENNIFER LYNN OTTEN that gave rise to the instant lawsuit.)

6.      Admit that Plaintiff JENNIFER LYNN OTTEN incurred medical expenses as a result of the INCIDENT.

7.      Admit that YOUR negligence caused the INCIDENT.

8.      Admit that YOUR negligence contributed to the INCIDENT.

9.      Admit that YOUR actions were a substantial factor in causing the INCIDENT.

10.      Admit that YOU have a duty to maintain the PREMISES in a reasonably safe condition.

11.      Admit that YOU have a duty to repair the PREMISES to ensure that it is reasonably safe for people who come upon the PREMISES.

12.      Admit that YOU have a duty to inspect the PREMISES to ensure that it is reasonably safe for people who come upon the PREMISES.

13.      Admit that on the day of the INCIDENT, YOU had a duty to inspect the PREMISES to ensure that it was reasonably safe for people who come upon the PREMISES.

14.      Admit that on the day of the INCIDENT, YOU had a duty to maintain the PREMISES to ensure that it was reasonably safe for people who come upon the PREMISES.

15.      Admit that on the day of the INCIDENT, YOU had a duty to repair the PREMISES to ensure that it was reasonably safe for people who come upon the PREMISES.

16.      Admit that on the day of the INCIDENT there was a liquid substance on the floor

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE

where the INCIDENT happened which caused the INCIDENT.

17. Admit that on the day of the INCIDENT there was a spilled liquid substance on the floor where the INCIDENT happened that caused the INCIDENT.

18. Admit that YOU had prior actual notice that, on the date of the INCIDENT, there was liquid substance on the floor in the area of the INCIDENT, prior to the INCIDENT occurring.

19. Admit that YOU were aware that Plaintiff JENNIFER LYNN OTTEN slipped and fell on the PREMISES prior to Plaintiff JENNIFER LYNN OTTEN filing a claim for bodily injury.

20. Admit that YOU did not have any procedures relating to inspections of the sales floors on the PREMISES for any safety hazard, in effect on September 4, 2023.

21. Admit that YOU did not have any policies relating to inspections of the sales floors on the PREMISES for any safety hazard in effect on September 4, 2023.

22. Admit that YOU did not have any procedures relating to maintenance of the sales floors on the PREMISES in effect on September 4, 2023.

23. Admit that YOU did not have any policies relating to maintenance of the sales floors on the PREMISES in effect on September 4, 2023.

24. Admit that YOU did not have any procedures relating to prevention of slip and fall accidents in effect on September 4, 2023.

25. Admit that YOU did not have any policies relating to prevention of slip and fall accidents in effect on September 4, 2023.

26. Admit that YOU did not follow YOUR procedures relating to inspections of the floors on the PREMISES in effect on September 4, 2023, immediately prior to the INCIDENT.

27. Admit that YOU did not follow YOUR policies relating to inspections of the floors on the PREMISES in effect on September 4, 2023, immediately prior to the INCIDENT.

28. Admit that YOU did not follow YOUR procedures relating to maintenance of the floors on the PREMISES in effect on September 4, 2023, immediately prior to the INCIDENT.

29. Admit that YOU did not follow YOUR policies relating to maintenance of the floors on the PREMISES in effect on September 4, 2023, immediately prior to the INCIDENT.

30. Admit that on the day of the INCIDENT YOU did not follow YOUR procedures

3

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE**

relating to slip and fall accidents that occur on the PREMISES in effect on September 4, 2023.

31. Admit that on the day of the INCIDENT YOU did not follow YOUR policies relating to slip and fall accidents that occur on the PREMISES in effect on September 4, 2023.

32. Admit that on the day of the INCIDENT YOU did not have any signs warning people of the liquid substance on the floors of the PREMISES.

33. Admit that on the day of the INCIDENT YOU did not have any signs warning people of the slip and fall hazards on the PREMISES.

34. Admit that on the day of the INCIDENT YOU did not have any type of warnings to people of the slip and fall hazards on the PREMISES.

35. Admit that YOU did not call 911 or any emergency personnel on the day of the INCIDENT after the INCIDENT occurred.

36. Admit that YOU have video surveillance of the PREMISES for the entire date of the INCIDENT.

37. Admit that YOU have video surveillance of the PREMISES which captured the INCIDENT.

38. Admit that YOU failed to preserve the video surveillance of the PREMISES that captured the INCIDENT.

39. Admit that YOU failed to preserve the video surveillance of the entire date of the INCIDENT.

40. Admit that YOU captured video depicting any portion of the aisle wherein the INCIDENT occurred from 1 hour prior to the INCIDENT to the time of the INCIDENT.

41. Admit that YOU captured video of both ends of the aisle wherein the INCIDENT occurred from 1 hour prior to the INCIDENT to the time of the INCIDENT.

42. Admit YOU allowed the video from 1 hour prior to the INCIDENT that showed any portion of the aisle wherein the INCIDENT occurred to be deleted.

43. Admit that YOU deleted the video from 1 hour prior to the INCIDENT which showed any portion of the aisle wherein the INCIDENT occurred.

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE**

44.   Admit that YOU allowed the video from 1 hour prior to the INCIDENT that showed any portion of the aisle wherein the INCIDENT occurred to be overwritten.

45.   Admit YOU allowed the video from 1 hour prior to the INCIDENT that showed both ends of the aisle wherein the INCIDENT occurred to be deleted.

46.   Admit that YOU deleted the video from 1 hour prior to the INCIDENT which showed both ends of the aisle wherein the INCIDENT occurred.

47.   Admit that YOU allowed the video from 1 hour prior to the INCIDENT that showed both ends of the aisle wherein the INCIDENT occurred to be overwritten.

48.   Admit that YOU have previously represented that video of the subject INCIDENT was preserved by YOU.

49.   Admit that in September of 2023, YOU were requested by this Requesting Party to preserve the video for the entire day of the INCIDENT.

50.   Admit that before the INCIDENT a BUCKET ("BUCKET" refers to the bucket shown in **Exhibit A** that was on YOUR PREMISES at the time of the INCIDENT) containing flowers placed on the floor at the scene of the INCIDENT.

51.   Admit that YOUR employee placed the BUCKET containing flowers at the scene of the INCIDENT before the INCIDENT occurred.

52.   Admit that it is against YOUR policies to place buckets containing flowers on the PREMISES floor.

53.   Admit that before the INCIDENT the BUCKET was leaking liquid onto the PREMISES sales floor.

54.   Admit that Plaintiff filled out an accident report after the INCIDENT with one of YOUR managers.

55.   Admit that YOUR employees were wearing body cameras at the PREMISES location on the date of the INCIDENT.

///

///

///

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE

56.    Admit that YOUR employees wearing body cameras recorded an interaction with Plaintiff JENNIFER LYNN OTTEN.

57.    Admit that YOU were aware that the BUCKET was leaking prior to the INCIDENT occurring.

58.    Admit that YOU placed paper towels under the BUCKET prior to the INCIDENT occurring.

59.    Admit that there were no mats/carpets under the BUCKET to absorb the leaking water.

DATED: December 18, 2024                         **LYFE LAW, LLP**

By:_____
                                                  SOHEIL BAHARI
                                                  WILLIAM GRAVES
                                                  Attorneys for Plaintiff
                                                  JENNIFER LYNN OTTEN

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE**



**Exhibit A** refers to the Bucket in the red box

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET
ONE

**DECLARATION FOR ADDITIONAL DISCOVERY**

I, WILLIAM GRAVES, declare:

1.      I am an attorney of record for Plaintiff JENNIFER LYNN OTTEN.

2.      I am propounding to Defendant WALMART, INC. the foregoing set of requests for admissions.

3.      This set of requests for admissions will cause the total number of requests for admissions propounded to the party to whom they are directed to exceed the number of requests for admissions permitted by California *Code of Civil Procedure* section 2033.030.

4.      I have previously propounded a total of 0 requests for admissions to this party.

5.      This set of requests for admissions contains a total of 59 requests for admissions bringing to total amount of requests for admissions to 59.

6.      I am familiar with the issues and the previous discovery conducted by all of the parties in this action.

7.      I have personally examined each of the questions in this set of requests for admissions.

8.      This number of questions is warranted under California *Code of Civil Procedure* section 2033.040(a) because of the expediency of this method of discovery as well as the complexity of the potential and existing issues in this matter.

9.      None of the requests for admissions in this set of requests for admissions is being propounded for any improper purpose, such as to harass the party, or the attorney for the party, to whom it is directed, or to cause unnecessary delay or needless increase in the cost of litigation.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: December 18, 2024

_____
WILLIAM GRAVES, ESQ.

8

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR ADMISSION TO DEFENDANT WALMART, INC., SET ONE

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 24CV07305<br><br>**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE** |

**REQUESTING PARTY:**    Plaintiff JENNIFER LYNN OTTEN

**RESPONDING PARTY:**    Defendant WALMART, INC.

**SET NUMBER**             ONE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to *Code of Civil Procedure* section 2031.010, et seq., Plaintiff hereby requests that Defendant WALMART, INC. produce and permit the inspection and copying by Plaintiff's agents or attorneys, the writings, documents, papers, books, accounts, objects, or tangible things as specified below. Pursuant to the provisions of California *Code of Civil Procedure* section 2031.260, you must serve a written response to this Request for Production of Documents within the time specified therein. The written response shall address itself to each and every request contained herein, notifying Plaintiff's attorney that you will either produce or not produce the designated documents, or that you object to the production of the requested

1

material, and the basis for your objection.

Plaintiff further requests that the inspection of the documents enumerated below take place within 30 days after service hereof, at Lyfe Law, LLP, 864 S. Robertson Blvd., Third Floor, Los Angeles, CA 90035.

## INSTRUCTIONS

Unless conclusively negated by the context of the request, the following is to be considered applicable to all requests contained in this set of Request for Production of Documents.

It is intended by these requests to elicit documentation not merely within your own personal possession or custody, but documents obtainable by you, including documents in the possession of your attorneys, investigators, insurance carriers, agents, employees and other representatives.

If you cannot produce the following documents in full, after exercising due diligence to secure the documents, identify the documents which can be produced and produce those documents to the extent possible, specifying your inability to produce the remainder of the documents and stating the efforts which were taken in an effort to produce the balance of the documents.

If any documents requested are claimed to be privileged, then, in lieu of producing same, please provide the following for each such document claimed to be privileged:

a.      Identify any and all privileges claimed;

b.      Provide a brief description of the nature and content of the matter claimed to be privileged in each and every document;

c.      State the name, occupation and capacity of the individual who prepared the allegedly privileged documents;

d.      State the name, occupation and capacity of the individual or entity to whom the allegedly privileged document was directed;

e.      State the name, address and telephone number of the person or entity who presently has custody and possession of the allegedly privileged documents; and,

2

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE**

f.      The date that the document bears.

## DEFINITIONS

A.      As used in this Request for Production of Documents, the term "DOCUMENTS" means and refers to any "writing" as that term is defined in section 250 of the California Evidence Code.

B.      As used in this Request for Production of Documents, the term "PERSON" means a natural person, corporation, partnership, incorporated association or other entity.

C.      As used in this Request for Production of Documents, the term "INCIDENT" means the slip & fall accident that occurred on September 4, 2023, involving Plaintiff JENNIFER LYNN OTTEN that gave rise to the instant lawsuit.

D.      As used in this Request for Production of Documents, the term "IDENTIFY" with respect to a "DOCUMENT" means to state the type of DOCUMENT, the title by which is referred, the date of the DOCUMENT, the identity of its author or person creating the DOCUMENT, the identity of each PERSON to whom the DOCUMENT was addressed or sent, any file number used in connection with the DOCUMENT, present location of the original and all copies thereof, and general description of the subject matter.

E.      As used in this Request for Production of Documents, the term "Defendant," "YOU," and/or "YOUR" means WALMART, INC. and includes its agents, its employees, its insurance company(s), its agents, its employees, its attorneys, its accountants, its investigators, and anyone else acting on its behalf.

F.      As used in this Request for Production of Documents, the term "PREMISES" means the real property located at 6650 Hembree Ln, Windsor, CA 95492.

G.      "DESTROY" or "DESTROYED" means digitally taped over, to reduce (an object) to useless fragments, a useless form, or remains, as by rending, burning, or dissolving; injure beyond repair or renewal; demolish; ruin; annihilate.

H.      "BUCKET" refers to the bucket shown in **Exhibit A** that was on YOUR PREMISES at the time of the INCIDENT.

///

---

3

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE**

## DESCRIPTION OF DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All policies of insurance that were in effect any time from and including the date of the INCIDENT to present, which may indemnify Defendant, for the liability for damages claimed by Plaintiff, arising out of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all incident or investigation reports, including police reports, in YOUR possession or under YOUR control pertaining to the INCIDENT, or the events immediately preceding or following the INCIDENT.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all statements, written or oral, obtained pertaining to the INCIDENT, or the events immediately preceding or following the INCIDENT taken from any person.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all statements, written or oral, obtained pertaining to the INCIDENT, or the events immediately preceding or following the INCIDENT taken from Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all photographs, maps, charts or diagrams depicting the scene of the INCIDENT or any of the individuals involved in the INCIDENT.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all video surveillance taken on the date of the INCIDENT of the sales floor of the PREMISES for the entire day.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS identified in YOUR responses to Form Interrogatory 17.1(d) relating to YOUR responses to Requests for Admissions, Set One, both served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS referring to how the INCIDENT occurred.

///

4

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE**

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS relating to YOUR investigation of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS supporting YOUR contention that Plaintiff JENNIFER LYNN OTTEN was somehow comparatively negligent in contributing to the INCIDENT occurring.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS relating to any and all maintenance including buffing, waxing, glossing, and polishing of the floors on the PREMISES for the last 2 years prior to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS relating to any and all repairs of the sales floors including tiling, carpeting, retiling, resurfacing, flooring, remodeling, on the PREMISES for the last 5 years prior to the INCIDENT occurring till present.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS relating to any and all inspections of the floors for any safety hazards on the sales floors of the PREMISES for the last 4 months prior to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS relating to any procedures relating to prevention of slip and fall accidents on the PREMISES in effect on September 4, 2023.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS relating to any policies relating to prevention of slip and fall accidents that occur on the PREMISES in effect on September 4, 2023.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS relating to any procedures relating to prevention of personal injury accidents that occur on the PREMISES in effect on September 4, 2023.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS relating to any policies relating to prevention of personal injury accidents that occur on the PREMISES in effect on September 4, 2023.

///

5

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE**

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS relating to any slip and fall accidents that have occurred on the sales floor of the PREMISES in the last 5 years prior to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS relating to citations by any government agency or entity concerning any safety hazards on the flooring of the PREMISES in the last 15 years.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS relating to citations by any government agency or entity concerning any safety hazards on the flooring of the PREMISES in the last 15 years.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all management agreement(s) for the PREMISES in effect for the last 10 years.

**REQUEST FOR PRODUCTION NO. 22:**

The deed for the current ownership of the PREMISES.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS relating to the last date and time YOU inspected the area of the PREMISES where the INCIDENT occurred prior to the INCIDENT occurring.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS relating to any policies and procedures for inspecting the floors on of the PREMISES where the INCIDENT occurred in effect at the time of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS demonstrating the last time the flooring where Plaintiff's INCIDENT occurred, was repaired before the INCIDENT.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all DOCUMENTS demonstrating the last time the flooring Plaintiff's INCIDENT occurred, was changed in its entirety or partially before the INCIDENT.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS regarding the type of flooring in the area where Plaintiff's INCIDENT occurred.

**PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE**

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS relating to any policies and procedures for inspecting the floors on of the PREMISES in effect at the time of the INCIDENT.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS identified in YOUR responses to Form Interrogatories, Set One, served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS identified in YOUR responses to Special Interrogatories, Set One, served concurrently herewith.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all maps or diagrams of the PREMISES that depict the positions of the aisles and different departments of the PREMISES on the date of the INCIDENT.

DATED: December 18, 2024                    **LYFE LAW, LLP**

By:_____
                    SOHEIL BAHARI
                    WILLIAM GRAVES
                    Attorneys for Plaintiff
                    JENNIFER LYNN OTTEN

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE

LyfeLaw



**Exhibit A** refers to the Bucket in the red box

PLAINTIFF JENNIFER LYNN OTTEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC., SET ONE

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 24CV07305<br><br>**PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE** |

**REQUESTING PARTY:**   Plaintiff JENNIFER LYNN OTTEN

**RESPONDING PARTY:**   Defendant WALMART, INC.

**SET NUMBER**   ONE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Pursuant to *Code of Civil Procedure* section 2030.010, et seq., Plaintiff hereby requests that Defendant, WALMART, INC. answer the following Special Interrogatories under oath and serve said responses upon counsel for Plaintiff within 30 days after service hereof.

If Defendant/Responding Party fails to comply with the provisions of California *Code of Civil Procedure* section 2030.010 *et. seq.* with respect to these Special Interrogatories, any objection to these Special Interrogatories shall be deemed waived, including objections based upon the attorney-client and attorney work-product privileges.

Your answers to these Special Interrogatories must be verified, dated, and signed.

1

PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State if there were any warning signs, cones, or notices placed in the area where the INCIDENT ("INCIDENT" means the slip & fall accident that occurred on September 4, 2023, involving Plaintiff JENNIFER LYNN OTTEN that gave rise to the instant lawsuit) occurred prior to the INCIDENT occurring on the PREMISES ("PREMISES" means the real property located at 6650 Hembree Ln, Windsor, CA 95492).

**SPECIAL INTERROGATORY NO. 2:**

State whether YOU ("YOU" or "YOUR" means WALMART, INC. and includes its agents, employees, insurance company(s), its accountants, its investigators, and anyone else acting on WALMART, INC.'S behalf) knew there was a liquid substance on the floor that caused the INCIDENT, prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 3:**

State how the liquid substance that caused the INCIDENT was spilled/tracked or came to be on the floor.

**SPECIAL INTERROGATORY NO. 4:**

State the date that YOU became aware that there was a liquid substance that was on the floor that caused the INCIDENT prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 5:**

State the time that YOU became aware that there was a liquid substance that was on the floor that caused the INCIDENT prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY ("IDENTIFY" as to a person means provide name, last known address, telephone number, and email address; "IDENTIFY" as to entities, means providing the name of the company, corporation, partnership and organization with their last known address, telephone number, and contact person; "IDENTIFY' as to documents or tangible items, means to describe the item, its location, and the information about the custodian)YOUR employee who first became aware that there was a liquid substance that was on the floor that caused the

2

PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE

INCIDENT prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 7:**

State all of Plaintiff's medical treatment, care, procedures, surgeries, etc. that Plaintiff alleges is related to the INCIDENT that YOU allege were unreasonable or unnecessary.

**SPECIAL INTERROGATORY NO. 8:**

State all of Plaintiff's medical treatment, care, procedures, surgeries, etc. that Plaintiff alleges is related to the INCIDENT that YOU allege is not related to the INCIDENT.

**SPECIAL INTERROGATORY NO. 9:**

State how YOU allege that the INCIDENT occurred.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY any and all DOCUMENTS ("DOCUMENTS" means and refers to any "writing" as that term is defined in section 250 of the California *Evidence Code*) that YOU intend to introduce as evidence at the time of trial in this matter.

**SPECIAL INTERROGATORY NO. 11:**

Did YOU investigate the INCIDENT?

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY the PERSON(s), if anyone, who investigated the INCIDENT.

**SPECIAL INTERROGATORY NO. 13:**

IDENTIFY all PERSON(s) with knowledge regarding the INCIDENT.

**SPECIAL INTERROGATORY NO. 14:**

Did YOU interview Plaintiff at the PREMISES on the date of the INCIDENT?

**SPECIAL INTERROGATORY NO. 15:**

Did YOU obtain a written statement from Plaintiff after the INCIDENT?

**SPECIAL INTERROGATORY NO. 16:**

Did YOU obtain a tape-recorded statement of Plaintiff regarding the INCIDENT?

**SPECIAL INTERROGATORY NO. 17:**

Did YOU take photographs of the scene of the INCIDENT?

///

PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE

**SPECIAL INTERROGATORY NO. 18:**

Was a report taken concerning the INCIDENT?

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY all reports created concerning the INCIDENT?

**SPECIAL INTERROGATORY NO. 20:**

IDENTIFY the individual(s) who authored the report concerning this INCIDENT.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY any of YOUR employees who were in the exact location of the INCIDENT within an hour before the INCIDENT up to the time of the INCIDENT on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 22:**

State the exact time that YOUR employees were in the exact location where the INCIDENT occurred within an hour before the INCIDENT on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 23:**

IDENTIFY YOUR employees who physically walked by the exact location wherein the INCIDENT occurred in order to inspect it for any potential safety hazards at any time prior to the INCIDENT on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 24:**

State the exact time that YOUR employee(s) physically walked by the exact location wherein the INCIDENT occurred in order to inspect it for any potential safety hazards on the date of the INCIDENT prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 25:**

What was the frequency for cleaning the sales floors of the PREMISES on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 26:**

What was the frequency for inspecting the sales floors of the PREMISES on the date of the INCIDENT.

**SPECIAL INTERROGATORY NO. 27:**

Do YOU contend that the INCIDENT did not occur?

4

**PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE**

**SPECIAL INTERROGATORY NO. 28:**

If YOU answered special interrogatory number 27 in the affirmative, state each and every fact supporting YOUR contention.

**SPECIAL INTERROGATORY NO. 29:**

If YOU answered special interrogatory number 27 in the affirmative, then IDENTIFY each and every person who has information and/or knowledge in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 30:**

If YOU answered special interrogatory number 27 in the affirmative, then IDENTIFY each and every DOCUMENT containing information in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 31:**

Do YOU contend that Plaintiff was comparatively negligent with respect to contributing to the cause of the INCIDENT?

**SPECIAL INTERROGATORY NO. 32:**

If YOU answered special interrogatory number 31 in the affirmative, then please state each and every fact supporting YOUR contention.

**SPECIAL INTERROGATORY NO. 33:**

If YOU answered special interrogatory number 31 in the affirmative, then please IDENTIFY each and every person who has information and knowledge in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 34:**

If YOU answered special interrogatory number 31 in the affirmative, then please IDENTIFY each DOCUMENT containing information in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 35:**

Do YOU contend that YOU did not allow an unreasonably dangerous condition to exist for an unreasonable period of time on YOUR PREMISES, which caused the INCIDENT?

**SPECIAL INTERROGATORY NO. 36:**

If YOU answered special interrogatory number 35 in the affirmative, state each and every fact supporting YOUR contention.

**SPECIAL INTERROGATORY NO. 37:**

If YOU answered special interrogatory number 35 in the affirmative, then please IDENTIFY each and every person who has information and knowledge in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 38:**

If YOU answered special interrogatory number 35 in the affirmative, then please IDENTIFY each DOCUMENT containing information in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 39:**

Do YOU contend that YOU did not create an unreasonably dangerous condition on YOUR PREMISES, which caused the INCIDENT?

**SPECIAL INTERROGATORY NO. 40:**

If YOU answered special interrogatory number 39 in the affirmative, then please state each and every fact in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 41:**

If YOU answered special interrogatory number 39 in the affirmative, then please IDENTIFY each and every person who has information and knowledge in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 42:**

If YOU answered special interrogatory number 39 in the affirmative, then please IDENTIFY each DOCUMENT containing information in support of YOUR contention.

**SPECIAL INTERROGATORY NO. 43:**

IDENTIFY each and every employee of YOURS who was on duty at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 44:**

IDENTIFY each and every one of YOUR employees who has any knowledge of the INCIDENT.

**SPECIAL INTERROGATORY NO. 45:**

IDENTIFY any and all DOCUMENTS relating to all slip and fall accidents that have

6

occurred on the sales floor of the PREMISES in the last 5 years.

**SPECIAL INTERROGATORY NO. 46:**

IDENTIFY any and all DOCUMENTS relating to any and all repairs including resurfacing, tile change, flooring change, reconstruction, remodeling that have occurred on the sales floors of the PREMISES in the last 5 years prior to the INCIDENT.

**SPECIAL INTERROGATORY NO. 47:**

IDENTIFY any and all DOCUMENTS relating to any and all maintenance including waxing, buffing, polishing, glossing that have occurred of the floors on the PREMISES for the last 2 years prior to the INCIDENT.

**SPECIAL INTERROGATORY NO. 48:**

IDENTIFY any and all DOCUMENTS relating to any and all inspections for any safety hazards on the sales floor of the PREMISES within 4 months prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 49:**

State the time YOU last inspected the area of the PREMISES where the INCIDENT occurred prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 50:**

IDENTIFY any and all DOCUMENTS relating to the last time YOU inspected the area of the PREMISES where the INCIDENT occurred prior to the INCIDENT occurring.

**SPECIAL INTERROGATORY NO. 51:**

IDENTIFY any and all DOCUMENTS relating to any policies regarding inspecting the area of the PREMISES where the INCIDENT occurred for any safety hazards, in effect at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 52:**

IDENTIFY any and all DOCUMENTS relating to any procedures regarding inspecting the area of the PREMISES where the INCIDENT occurred for any safety hazards, in effect at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 53:**

PLEASE IDENTIFY the insurance broker which YOU obtained general liability insurance

7

or any other insurance from that was in effect any time from and including the date of the INCIDENT to present, which may indemnify Defendant, for the liability for damages claimed by Plaintiff, arising out of the INCIDENT.

**SPECIAL INTERROGATORY NO. 54:**

PLEASE IDENTIFY the insurance broker which YOU obtained general liability insurance or any other insurance from that was in effect any time from and including the date of the INCIDENT to present, that provided insurance for the PREMISES.

**SPECIAL INTERROGATORY NO. 55:**

State the date, the flooring where Plaintiffs' INCIDENT occurred at the PREMISES, was originally installed.

**SPECIAL INTERROGATORY NO. 56:**

State the last date, on which a new flooring was installed at the PREMISES prior to the INCIDENT.

**SPECIAL INTERROGATORY NO. 57:**

IDENTIFY the person(s) who installed the flooring where the INCIDENT occurred.

**SPECIAL INTERROGATORY NO. 58:**

IDENTIFY the manufacturer of the flooring that was installed at the time of the INCIDENT.

**SPECIAL INTERROGATORY NO. 59:**

Provide the address of the place where the flooring installed at the time of the INCIDENT was purchased from.

**SPECIAL INTERROGATORY NO. 60:**

State when the PREMISES first opened for business.

**SPECIAL INTERROGATORY NO. 61:**

Provide the full name of the manager on duty at the PREMISES when the INCIDENT occurred.

**SPECIAL INTERROGATORY NO. 62:**

How long before the INCIDENT was the BUCKET ("BUCKET" refers to the bucket shown

8

**PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE**

in **Exhibit A** that was on YOUR PREMISES at the time of the INCIDENT) containing flowers placed on the floor at the scene of the INCIDENT?

**SPECIAL INTERROGATORY NO. 63:**

Who placed the BUCKET containing flowers at the scene of the INCIDENT before the INCIDENT occurred?

**SPECIAL INTERROGATORY NO. 64:**

Why was the BUCKET placed on the floor of the PREMISES, prior to the INCIDENT?

**SPECIAL INTERROGATORY NO. 65:**

What is YOUR policy for flower buckets on the PREMISES?

**SPECIAL INTERROGATORY NO. 66:**

Did YOU have knowledge prior to the INCIDENT that the BUCKET had been leaking liquid onto the sales floor?

**SPECIAL INTERROGATORY NO. 67:**

For how long had YOU had knowledge prior to the INCIDENT that the BUCKET had been leaking liquid onto the sales floor?

**SPECIAL INTERROGATORY NO. 68:**

IDENTIFY the manager with whom the Plaintiff filled out an accident report.

**SPECIAL INTERROGATORY NO. 69:**

Were any of YOUR employees wearing body cameras at the PREMISES location on the date of the INCIDENT?

**SPECIAL INTERROGATORY NO. 70:**

If any of YOUR employees were wearing body cameras at the PREMISES location on the date of the INCIDENT, did any of them record any interaction with Plaintiff JENNIFER LYNN OTTEN?

**SPECIAL INTERROGATORY NO. 71:**

Did any of YOUR store video surveillance cameras record the INCIDENT?

**SPECIAL INTERROGATORY NO. 72:**

If any of YOUR employees who were wearing body cameras at the PREMISES location

**PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE**

on the date of the INCIDENT recorded any interaction with Plaintiff JENNIFER LYNN OTTEN, please identify those employees.

**SPECIAL INTERROGATORY NO. 73:**

When did YOU first become aware that the BUCKET was leaking?

**SPECIAL INTERROGATORY NO. 74:**

What did YOU do when YOU first became aware that the BUCKET was leaking?

**SPECIAL INTERROGATORY NO. 75:**

IDENTIFY YOUR employee who first became aware that the BUCKET was leaking?

**SPECIAL INTERROGATORY NO. 76:**

Prior to the INCIDENT occurring, did YOU put paper towels under the BUCKET after learning it was leaking?

DATED: December 18, 2024                    **LYFE LAW, LLP**

By:_____

SOHEIL BAHARI
WILLIAM GRAVES
Attorneys for Plaintiff
JENNIFER LYNN OTTEN

10

PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE

LyfeLaw



**Exhibit A** refers to the Bucket in the red box

PLAINTIFF JENNIFER LYNN OTTEN'S SPECIAL INTERROGATORIES TO DEFENDANT WALMART, INC., SET ONE

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual, | Case No.: 24CV07305 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S STATEMENT OF DAMAGES** |
| WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive, | |
| Defendants. | |

**TO THE DEFENDANTS AND TO THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN to the Defendant herein, and through their attorneys of record, that Plaintiff JENNIFER LYNN OTTEN claims the following special and general damages:

1. **SPECIAL DAMAGES:** $350,000.00

2. **GENERAL DAMAGES:** $1,500,000.00

DATED: December 18, 2024                    **LYFE LAW, LLP**

By:_____
SOHEIL BAHARI
WILLIAM GRAVES
Attorneys for Plaintiff
JENNIFER LYNN OTTEN

**PLAINTIFF'S STATEMENT OF DAMAGES**

# EXHIBIT B

David Davidson, Esq. (SBN 215969)
ddavidson@ohaganmeyer.com
Alina Goncharova, Esq. (SBN 329974)
agoncharova@ohaganmeyer.com
**O'HAGAN MEYER LLP**
4695 MacArthur Ct., Suite 900
Newport Beach, CA 92660
Telephone:    (949) 942-8500
Facsimile:    (949) 942-8510

Attorneys for Defendant,
WALMART, INC.

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**1/8/2025 3:22 PM**
**By: Ryan Carle, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  24CV07305<br><br>**Assigned For All Purposes To:**<br>Hon. Bradford DeMeo<br>Dept. 17<br><br>**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:    12/03/2024<br>Trial Date:         None Set |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant WALMART, INC., a Delaware Corporation ("Defendant") hereby answer Plaintiff JENNIFER LYNN OTTEN Unverified Complaint ("Complaint") as follows: Defendant generally and specifically denies each and every, all and singular, allegation contained in the Complaint, and in each cause of action thereof.  Defendant further denies that Plaintiff has been injured or damaged in any sum, or at all, by reason of any act or omission on the part of this answering Defendant or of its agents or employees, if any.

///

///

1
**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action contained therein, fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Each cause of action asserted in Plaintiff's Complaint is barred by the statute of limitations as set forth in Code of Civil Procedure §§335.1, 337.1, 337.15, and 340.

## THIRD AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Defendant contends that Plaintiff was concurrently and contributorily negligent in and about the matters referred to in said Complaint on file herein, and that said carelessness and negligence on Plaintiff's own part proximately and directly contributed to and caused the injuries, loss, and damages complained of by Plaintiff, if any there were.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

Defendant contends that it is not legally responsible in any fashion with respect to the damages and injuries claimed by Plaintiff in the Complaint; however if Defendant is subjected to any liability to Plaintiff or any cross-complainant herein, it will be due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others; wherefore, any recovery obtained by Plaintiff should be reduced in proportion to the respective negligence and fault and legal responsibility of all other parties, persons and entities, their agents, servants and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative negligence; the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to it.

///

///

DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S
UNVERIFIED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

**(Open and Obvious)**

Defendant contends that that the events, conditions, injuries, losses, and damages, if any, complained of were open and obvious to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

Defendant contends that the injuries and damages complained of by Plaintiff, if any there were, were either wholly or in part proximately caused by negligence or other wrongful acts or omissions of persons or entities other than this answering Defendant, and that said negligence or wrongful acts or omissions either are imputed to Plaintiff by reason of her relationship with said persons or entities, or comparatively reduce the proportion of negligence and corresponding liability of this answering Defendant, if any, which liability is specifically denied.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Joint and Several Liability)**

Defendant contends that if liability is assessed against it, pursuant to Civil Code § 1431 et. seq., Defendant shall be liable only for the amount of non-economic damages allocated to it in direct proportion to the percentage of fault assessed against it by the trier of fact and requests that a separate judgment be rendered against it for that amount; but that Defendant in setting forth this affirmative defense makes no admission that it is liable to Plaintiff in any amount or in any proportion; and Defendant, in setting forth this affirmative defense, makes no admission that Plaintiff has been damaged in any sum or sums at all.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and mitigate her damages, if any there were, and that this failure to mitigate damages alone aggravated any damages or injuries to Plaintiff, if any, and therefore precludes or reduces recovery against this

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**

answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant contends that Plaintiff knew, or in the exercise of reasonable care, should have known of the risks and hazards involved in the undertaking in which she engaged, but nevertheless and with full knowledge of these things, did fully and voluntarily consent to assume the risks and hazards involved in the undertaking.

## TENTH AFFIRMATIVE DEFENSE

### (No Breach)

Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of an unavoidable accident insofar as this answering Defendant is concerned and occurred without any negligence, want of care, default or other breach of duty to Plaintiff on the part of this answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendant contends that it lacked actual or constructive notice of the condition alleged by Plaintiff to have caused Plaintiff to suffer injuries.

## TWELVTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Reasonable Care)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not a Substantial Factor)

Any conduct of Defendant was not a substantial factor in bringing about the loss and

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**

damage complained of by Plaintiff, and, therefore, Defendant may not be held liable to Plaintiff as alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Signage)

Defendant contends that the events, injuries, losses, and damages, if any, complained of were the result of Plaintiff's failure to adhere to signage, barriers, and/or rope blocking the entrance leading to her vehicle.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Trespass)

Defendant contends that that the events, injuries, losses, and damages, if any, complained of were the result of Plaintiff's unauthorized entry to the area where the incident occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Shopkeeper's Privilege)

Defendant contends that that the events, injuries, losses, and damages, if any, complained of were protected by the Shopkeeper's Privilege doctrine.

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**

## NINETEENTH AFFIRMATIVE DEFENSE

### (Business Judgement Defense)

Defendant contends that that the events, injuries, losses, and damages, if any, complained of were protected by the Business Judgment Rule.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant WALMART INC. prays for judgment against Plaintiff on all causes of action set forth in the Complaint as follows:

A.      Plaintiff takes nothing by the Complaint or any cause of action thereof against this Defendant;

B.      This Court enter judgment in favor of Defendant and against Plaintiff in this action;

C.      For reasonable attorney's fees and costs of suit; and

///

///

///

6

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT**

D.    For such other reasonable and further relief as the Court deem just and proper.

DATED:    January 8, 2025                    **O'HAGAN MEYER**

By:
_____
David Davidson, Esq.
Alina Goncharova, Esq.
Attorneys for Defendant,
Walmart, Inc.

**DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S
UNVERIFIED COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                            ) ss.
COUNTY OF LOS ANGELES )

I am over the age of eighteen years and not a party to the within action. I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **January 8, 2025**, I served the within document(s) described as: **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF JENNIFER LYNN OTTEN'S UNVERIFIED COMPLAINT** on the parties in said action as follows:

**SEE SERVICE LIST**

☐ **BY MAIL** (CCP § 1013) - I caused the documents described above to be deposited for processing in the mailroom in our offices. I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing. It is deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐ **BY FAX:** (CCP § 1013 (e); CRC 2.306 (a) (b)) – I caused such document(s) to be electronically transmitted by facsimile to the respective fax number(s) of the party(ies) as stated on the attached Service List.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **January 8, 2025,** at Los Angeles, California.

_____
*Amber Gurzenski*

## SERVICE LIST

*Otten, Jennifer Lynn v. Walmart, Inc.*
Sonoma Superior Court Case No. 24CV07305
O'Hagan Meyer File No.: 2967-43004

| | |
|---|---|
| Soheil Bahari, Esq. | Attorneys for Plaintiff |
| William Graves, Esq. | Jennifer Lynn Otten |
| Lyfe Law, LLP | |
| 864 S. Robertson Blvd., 3rd Floor | |
| Los Angeles, CA 90035 | |
| Tel: 888-203-1422 | |
| Fax: 888-203-1424 | |
| soheilb@lyfe.com | |
| williamg@lyfe.com | |

2

PROOF OF SERVICE

# EXHIBIT C

SOHEIL BAHARI, ESQ. (BAR NO. 297162)
WILLIAM GRAVES, ESQ. (BAR NO. 347534)
**LYFE LAW, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, California 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424
Email: SoheilB@Lyfe.com
Email: WilliamG@Lyfe.com

Attorneys for Plaintiff
JENNIFER LYNN OTTEN

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SONOMA – UNLIMITED

| | |
|---|---|
| JENNIFER LYNN OTTEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., an Arkansas corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 24CV07305<br><br>**PLAINTIFF'S STATEMENT OF DAMAGES** |

**TO THE DEFENDANTS AND TO THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN to the Defendant herein, and through their attorneys of record, that Plaintiff JENNIFER LYNN OTTEN claims the following special and general damages:

1. **SPECIAL DAMAGES:**    $350,000.00

2. **GENERAL DAMAGES:**    $1,500,000.00

DATED: December 18, 2024                    **LYFE LAW, LLP**

By:_____
SOHEIL BAHARI
WILLIAM GRAVES
Attorneys for Plaintiff
JENNIFER LYNN OTTEN

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by O'HAGAN MEYER LLP, whose business address is 4695 MacArthur Ct., Suite 900, Newport Beach, CA 92660.

On **January 9, 2025**, I served the within document(s) described as:

**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF ALINA A. GONCHAROVA, ESQ.**

on the parties in said action as follows:

☐ **BY ELECTRONIC TRANSMISSION:** The undersigned hereby certifies that on 1/9/2025, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which sent notification to all counsel of record, who are deemed to have consented to electronic service via the CM/ECF system.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification listed herein on this date from agurzenski@ohaganmeyer.com. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **January 9, 2025,** at Los Angeles, California.

*/s/ Amber Gurzenski*
Amber Gurzenski

1

CERTIFICATE OF SERVICE

## <u>SERVICE LIST</u>
*Otten, Jennifer Lynn v. Walmart, Inc.*
O'Hagan Meyer File No.: 2967-43004

Soheil Bahari, Esq.                              Attorneys for Plaintiff
William Graves, Esq.                          Jennifer Lynn Otten
**Lyfe Law, LLP**
864 S. Robertson Blvd., 3rd Floor
Los Angeles, CA 90035
Tel: 888-203-1422
Fax: 888-203-1424
soheilb@lyfe.com
williamg@lyfe.com

2
**CERTIFICATE OF SERVICE**